UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, JOHN DOE, JAN DOE, JAMES DOE, AND JANET DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CAPE COD HEALTHCARE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. __:_____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT CAPE COD HEALTHCARE, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446, and 1367, Defendant Cape Cod Healthcare, Inc. ("CCHC") hereby removes this action from the Massachusetts Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

The Original Lead Plaintiff commenced this action more than 25 months ago. It is one of several cases against Massachusetts hospitals, which arise from the hospitals' use of certain technology on their websites. That technology is ubiquitous, and it is employed by substantially every business in the Commonwealth. Plaintiff nevertheless alleged in her lead claim that CCHC's use of the technology violated the Massachusetts Wiretap Act. In a related case that proceeded upon the same theory, the Supreme Judicial Court held that hospitals' use of the relevant technology, as a matter of law, did not violate the Massachusetts Wiretap Act. Plaintiffs – now consisting of five anonymous purported CCHC patients – responded to that decision by filing an amended complaint and alleging, for the first time, the CCHC's use of the technology violates the

Federal Wiretap Act. Plaintiffs' amendment, and inclusion of a federal claim, gives this Court jurisdiction over this matter, and removal is proper for the reasons that follow.

## I.    NATURE OF THE REMOVED ACTION

1.    The Original Lead Plaintiff, Jane Doe, filed this putative class action on December 8, 2022 in Barnstable County Superior Court against Defendant CCHC, a non-profit healthcare system based in Hyannis, Massachusetts. Plaintiff brought the case on her own behalf and on behalf of a putative class consisting of all Massachusetts residents who were CCHC patients and used its public website. Compl. ¶ 148. She alleged that CCHC used digital marketing tools on that public website which redirected website users' information to third parties, such as Facebook. *Id.* ¶¶ 3-8. The Original Complaint included six counts, one of which alleged violations of the Massachusetts Wiretap Act, G.L. c.272 § 99. *Id.* ¶¶ 161-254.

2.    On January 12, 2023, CCHC removed the case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a). This Court remanded the case to the Barnstable County Superior Court on January 25, 2023. Following remand, the case was transferred to the Business Litigation Session of the Suffolk County Superior Court.

3.    On December 14, 2023, that court stayed the case pending the completion of the interlocutory appeals in *Vita v. New England Baptist Hosp.*, No. 2384CV00857-BLS1 and *Vita v. Beth Israel Deaconess Medical Center, Inc.*, No. 2384CV00480-BLS1. Those cases involved substantially identical allegations, and the Massachusetts Supreme Judicial Court granted direct appellate review to decide whether the use of the digital marketing tools at issue in this case could, as a matter of law, violate the Massachusetts Wiretap Act.

4.    On October 24, 2024, the Massachusetts Supreme Judicial Court ruled in favor of New England Baptist Hospital and Beth Israel Deaconess Medical Center, holding that the

plaintiffs' allegations in those cases failed to state a claim under the Massachusetts Wiretap Act. *Vita v. New England Baptist Hosp.*, 243 N.E.3d 1185, 1188, 1206-07 (Mass. 2024).

5.    On January 31, 2025, Plaintiffs, now five in total, amended their Complaint to assert claims under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq*. Amended Compl. at ¶¶ 230-49.  Plaintiffs also retained the prior claim under the Massachusetts Right to Privacy Act, G.L. c. 214 § 1B, in addition to claims for breach of fiduciary duty and/or duty of confidentiality, breach of implied contract, and unjust enrichment. *Id.* at ¶¶ 250-320.

## II.    VENUE

6.    Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the District Court of the United States with jurisdiction over the place where the action is pending. Suffolk County Superior Court is within the jurisdiction of the United States District Court for the District of Massachusetts, Eastern Division.

## III.    BASIS FOR REMOVAL

7.    This Court has subject matter jurisdiction over the ECPA claim in the Amended Complaint because it "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

8.    Removal is proper, because a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).

9.    This Court has supplemental subject matter jurisdiction over the remaining claims in the Amended Complaint because they "are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Here, Plaintiffs' remaining claims in the

Amended Complaint all arise from the same conduct that gives rise to the ECPA claim—namely, CCHC's alleged use of certain technology on its public website and patient portal. Those claims therefore "form part of the same case or controversy" as the ECPA claim, so this Court should exercise supplemental jurisdiction over them.

10.    CCHC is filing this Notice of Removal within 30 days after Plaintiffs served CCHC with the Amended Complaint on January 31, 2025. 28 U.S.C. § 1446(b).

## IV.    NOTICE AND DEFENSES

11.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on Plaintiffs, and such notice will be filed with the Massachusetts Superior Court.

12.    By filing this Notice of Removal, CCHC neither waives any available objections or other defenses nor admits any allegations in Plaintiffs' Amended Complaint.

## V.    STATE COURT PLEADINGS

13.    CCHC includes copies of the state court pleadings and orders attached to this Notice of Removal. CCHC attaches and incorporates by reference copies of the pleadings and other documents that were previously served and filed with the state court.

14.    Shortly after removal, CCHC will file an assented-to motion for relief from Local Rule 81.1's requirement to file certified or attested to copies of all docket entries, records, and proceedings in state court.

## VI.    CONCLUSION

15.    Pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446, and 1367, CCHC files this Notice of Removal, with the United States District Court for the District of Massachusetts, removing this action from the Suffolk County Superior Court.

- 4 -

Respectfully Submitted,

CAPE COD HEALTHCARE, INC.,

*By its attorneys,*

*/s/      April C. DeLuca*
Adam J. Bookbinder (BBO No. 566590)
Samuel N. Rudman (BBO No. 698018)
Mark McPherson (BBO No. 698465)
April C. DeLuca (BBO No. 709101)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone: 617-248-5000
abookbinder@choate.com
srudman@choate.com
mmcpherson@choate.com
adeluca@choate.com

Dated: February 24, 2025

## CERTIFICATE OF SERVICE

I, April C. DeLuca, do hereby certify that on this 24th day of February, 2025, I caused the foregoing document to be filed through the ECF system and to be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and to be served via electronic mail upon counsel of record for the Plaintiffs.

*/s/        April C. DeLuca*
April C. DeLuca

Dated: February 24, 2025